John J. VACCARO, Plaintiff–Appellant,

v.

Jon DOBRE, Superintendent, FPC Nellis; Eric Krupp, Foreman, FPC Nellis; Phillip Rolfs, Foreman, FPC Nellis; R. Biggs, Correctional Officer, FPC Nellis; Randy Torix, Correctional Officer, FPC Nellis, Defendants–Appellees.

No. 00–17244.

D.C. No CV–92–00855–DWH.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2001.*

Decided Dec. 14, 2001.

Before HUG, D.W. NELSON, and HAWKINS, Circuit Judges.

MEMORANDUM **

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit rule 36–3.

Appellant (Vaccaro) appeals from 1) a grant of summary judgment in favor of Appellees Dobre, Krupp, and Rolfs disposing of all claims against them, 2) a grant of summary judgment in favor of Appellees Biggs and Torix disposing of claims against them arising from the incident of January 23, 1991, and 3) the judgment of the district court, after bench trial, in favor of Appellees Biggs and Torix disposing of all remaining claims against them. Vaccaro also appeals the denial of his writ of habeas corpus *ad testificandum.* We have jurisdiction pursuant to 28 U.S.C. § 191. We affirm.

Vaccaro alleges that on four occasions, while he was a prisoner at Federal Prison Camp Nellis, Appellees required him to do heavy lifting. He alleges that Appellees violated his Fifth and Eighth Amendment rights because he was medically restricted from heavy lifting at the relevant times and suffered injury as a result of the lifting.

As to the alleged incident of April 15, 1990 involving Krupp and Rolfs, the alleged incident of June 1, 1990 involving Dobre, and the alleged incident of January 23, 1991 involving Biggs and Torix, the district court correctly granted summary judgment in favor of Appellees. Viewing the evidence in the light most favorable to Vaccaro, there were no genuine issues of material fact and Judge Hagen correctly applied the law. *See Clicks Billiards, Inc. v. Sixshooters Inc.,* 251 F.3d 1252, 1257 (9th Cir.2001); *Far Out Prods., Inc. v. Oskar,* 247 F.3d 986, 992 (9th Cir.2001).

■ The district court's judgment, after bench trial, in favor of Biggs and Torix with regard to the remaining incident of January 17, 1991 was correct because the evidence did not show that Biggs or Torix acted with "deliberate indifference to serious medical needs." *See Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

■ Finally, the district court did not abuse its discretion in denying Vaccaro's writ of habeas corpus *ad testificandum* when it allowed Vaccaro to testify at trial by telephone and correctly applied the *Ballard* factors in determining not to grant the writ. *See Wiggens v. County of Alameda,* 717 F.2d 466, 468 n. 1 (9th Cir.1983) (citing *Ballard v. Spradley,* 557 F.2d 476, 480 (5th Cir.1977)).

AFFIRMED.